UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER CHAUVETTE,

       Plaintiff,                      CIVIL ACTION NO. 06-14814

     v.                                DISTRICT JUDGE DAVID M. LAWSON

COMMISSIONER OF                 MAGISTRATE JUDGE VIRGINIA M. MORGAN
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This Social Security case comes before the court on the parties' cross-motions for summary judgment. For the reasons stated herein, the court recommends that the Commissioner's motion be granted and that plaintiff's motion be denied.

### II. Background

On June 2, 2003, plaintiff filed an application for Social Security Disability Insurance Benefits due to her asthma and anxiety attacks, with a disability onset date of January 1, 2002. (Tr. 46-48, 66) Plaintiff has a high school education, with a work history including employment as a bartender/waitress. (Tr. 91, 239)

The Social Security Administration (SSA) denied plaintiff's claims on initial review. (Tr. 27-31) Plaintiff then requested a hearing before an administrative law judge (ALJ). (Tr. 32)

The hearing was held on September 27, 2005, before ALJ Samuel Durso. (Tr. 233-252) Plaintiff, represented by counsel, appeared and testified at the hearing. The ALJ also took testimony from a vocational expert (VE).

On November 21, 2005, the ALJ issued a decision denying plaintiff's claim. (Tr. 12-25) The ALJ determined that plaintiff suffered from asthma, bi-polar disorder, a depressive disorder, and an anxiety disorder. (Tr. 24) The ALJ further determined that plaintiff's impairments were collectively "severe" withing the meaning of 20 C.F.R. § 404.1520(a)(4)(ii), but that she did not have an impairment or combination of impairments that met or equaled any impairment listed in Subpart P, Appendix 1 of the Social Security Regulations. (Tr. 24) In addition, the ALJ found that plaintiff retained the residual functional capacity (RFC) to perform a light level of work activity, with some limitations, and that plaintiff could perform her past relevant work as a bartender/waitress. (Tr. 24) Accordingly, the ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act. (Tr. 24) Plaintiff was 35 years-old at the time of the ALJ's decision. (Tr. 46-48)

Following the ALJ's denial of her claim, plaintiff filed a request for review of the decision with the SSA's Appeals Council. (Tr. 10-11) The Appeals Council denied the request on September 28, 2006. (Tr. 4-6) The ALJ's decision thus became the final decision of the Commissioner.

On October 25, 2006, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). As noted above, the parties have filed cross-motions for summary judgment. Plaintiff contends that the ALJ erred in forming plaintiff's RFC and that the

hypothetical posed to the VE was inaccurate. The Commissioner contends that the disability determination is supported by substantial evidence and should thus be affirmed.

## III. Legal Standards

### A. Disability Evaluation

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). The claimant bears the burden of proving that she is disabled. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate Social Security Disability claims. See 20 C.F.R. § 404.1520. As discussed in Foster, Id. at 354 (citations omitted), this process consists of the following:

> The claimant must first show that she is not engaged in substantial gainful activity. Next the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the

third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment. If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

### B. Standard of Review

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). "Substantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Brainard, 889 F.3d at 681. Further, "the decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would

have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273.

## IV. Analysis

### A. Plaintiff's RFC

At step four of the five-step used to evaluate both DIB claims, the ALJ must determine a claimant's residual functional capacity. 20 C.F.R. § 404.1520(a)(4)(iv); 20 C.F.R. § 404.1545. The term "residual functional capacity" ("RFC") is defined as the most an individual can still do after considering the effects of physical and/or mental limitations that affect the ability to perform work-related tasks. 20 CFR 404.1545, SS-R 96-8p. In this case, the ALJ found that plaintiff:

> retains the physical residual functional capacity to perform a light level of work activity. [Plaintiff] can lift and carry twenty pounds occasionally and ten pounds frequently, with equivalent limitations for pushing and pulling. [Plaintiff] can sit and stand and/or walk approximately six hours in an eight-hour workday. [Plaintiff] retains the mental residual functional capacity to perform simple repetitive tasks. [Tr. 24]

Plaintiff challenges whether the RFC takes into account all of plaintiff's mental limitations. Specifically, plaintiff argues that the ALJ failed to include all of plaintiff's impairments by omitting plaintiff's moderate limitations in her ability to understand and remember detailed instructions, her ability to maintain attention and concentration for extended periods, and her ability to accept maintain concentration, persistence or pace.

In support of her argument, plaintiff relies on the reports of Dr. K. Sheth, a psychiatrist who performed a Mental Residual Functional Capacity Assessment, and a Psychiatric Review

Technique on plaintiff in September of 2003. (Tr. 142-44, 147). Within those reports, Dr. Sheth found that plaintiff suffers moderate limitations in her ability to maintain attention and concentration for extended periods, and in her ability to accept maintain concentration, persistence or pace. (Tr. 142-143, 147)

As a preliminary matter, Dr. Sheth's opinions are not controlling in this case because he is not plaintiff's treating physician. The only "treating sources" given controlling deference are the plaintiff's "own physician, psychologist, or other acceptable medical source who provides [plaintiff], or has provided [plaintiff], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [plaintiff]. 20 C.F.R. § 404.1502. Dr. Sheth never provided plaintiff with medical treatment, nor did he ever have an ongoing treatment relationship with plaintiff.

The ALJ addressed the weight it gave Dr. Sheth's findings, "Based on the updated record, as now constituted, including the hearing testimony, the [ALJ] gives the State Agency physician less weight than it may otherwise merit." (Tr. 21) Viewing the record as a whole, the ALJ had a substantial basis for finding that plaintiff retained the mental residual functional capacity to do simple repetitive tasks and is not impaired by limitations in maintaining concentration, attention, pace, or persistence.

First, while Dr. Sheth did make the findings plaintiff relies on, his findings were much more conflicted than plaintiff acknowledges in her brief. In addition to the findings plaintiff cites to, Dr. Sheth also found that plaintiff was not significantly limited in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms or

in her ability to perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. 142-143) How plaintiff is not limited in those areas, but is limited in her ability to maintain concentration, attention, persistence or pace for extended periods is unclear from Dr. Sheth's report. Furthermore, Dr. Sheth found that plaintiff retained the ability to do simple repetitive work on a sustained basis. (Tr. 144) That conclusion mirrors the mental RFC found by the ALJ. (Tr. 24) Therefore, Dr. Sheth's report as a whole either supports the ALJ's determination or provides seemingly conflicting conclusions.

Second, plaintiff's daily activities establish that she can do simple repetitive tasks and that she is not significantly limited by concentration, attention, persistence or pace problems. Plaintiff works four hours a day, five days a week as a bartender/waitress. At work, she opens the restaurant, stocks ice, sets up the bar, and waits on customers. (Tr. 56) Plaintiff does not have any special work conditions. (Tr. 67) While plaintiff claims she is unable to work longer hours, her reasons for that claim are not based on problems with concentration, attention, persistence or pace. Plaintiff testified that she cannot work a forty-hour week because, when she wakes up in the morning, she does not know if her day is going to go good or bad and because she gets upset fast and suffers from anxiety. According to plaintiff, when her anxiety attacks occur, she breathes hard, gets all choked up, and finds it hard to tolerate anything. (Tr. 237) Plaintiff has previously written that she could only work 15-20 hours a week because, if she does too much, she has anxiety attacks. (Tr. 55) Plaintiff also wrote that she could not work as many hours as she used to because too much work makes it hard for her to adjust to life, stress, and

anxiety. (Tr. 98) Outside of work, plaintiff takes care of her children by getting them dressed and fed, prepares meals, does laundry, cleans dishes, drives, and shops. (Tr. 76, 81)

Third, the reports from other medical sources provide conflicting evidence with regard to plaintiff's mental RFC. Plaintiff underwent a consultative psychological evaluation by licensed psychologist Mark Zaroff, Ph.D. Zaroff diagnosed plaintiff with a dysthymic disorder early onset, panic disorder without agoraphobia, and alcohol abuse. Dysthymic disorder may be accompanied by poor concentration and difficulties in making decisions. Plaintiff only complained to Zaroff about her anxiety attacks. (Tr. 129-133) Plaintiff also attended a consultative internist evaluation with Dr. Sankaran, in which plaintiff reported anxiety, panic attacks, and physical problems. Plaintiff did not complain of problems with concentration or attention. (Tr. 134-141) From April 20, 2005, to May 31, 2005, plaintiff was treated at Saginaw Psychological Services. (Tr. 169-188) During that treatment, plaintiff did report, among other things, problems concentrating, hyperactivity, stress, panic attacks. (Tr. 172)

Viewing the record as a whole, substantial evidence supports the ALJ's determination regarding plaintiff's mental RFC. Plaintiff relies solely on Dr. Sheth in her brief and Dr. Sheth specifically found that plaintiff could do simple repetitive tasks. Dr. Sheth's other conclusions offer support for both sides. Plaintiff herself only sometimes complains of trouble concentrating and her daily activities, including working at a restaurant for four hours and taking care of two kids, goes against any such complaints. The conflict between the consulting physicians reflects the conflict in the rest of the record. As discussed above, "substantial evidence" is "more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Brainard, 889 F.3d at 681. Such evidence exists in this case to support the ALJ's mental RFC assessment. Moreover, even though evidence supports plaintiff's arguments, the decision of an ALJ is not subject to reversal so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273.

### B. Past Relevant Work

After determining the plaintiff's residual functional capacity, the ALJ compares it to the requirements of the plaintiff's past relevant work. 20 C.F.R. § 404.1560(a). "Past relevant work" is "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1). If the plaintiff can perform her past relevant work, then she is not disabled. Foster v. Halter, 279 F.3d 348, 354 (6th Cir. 2001); 20 C.F.R. § 404.1520(f).

In this case, outside of challenging the mental RFC determination, plaintiff has not raised any other claims of error, and none are apparent in the record. Accordingly, the court is constrained to conclude that the hypothetical the ALJ posed to the VE included an accurate portrayal of plaintiff's physical and mental impairments and that the ALJ's determination that plaintiff could perform her past relevant work is supported by substantial evidence.

### V. Conclusion

For the reasons stated above, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that plaintiff's motion for summary judgment be **DENIED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

       s/Virginia M. Morgan
       Virginia M. Morgan
       United States Magistrate Judge

Dated:  May 17, 2007

## PROOF OF SERVICE

The undersigned certifies that the foregoing Report and Recommendation for case 06-14814 was served upon counsel of record via the Court's ECF System and/or U. S. Mail on May 17, 2007.

                                              s/Jane Johnson
                                              Case Manager to
                                              Magistrate Judge Virginia M. Morgan